**Alvin H. SCHUBERT and Alvina Schubert, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 63-C-33.**

United States District Court
S. D. Texas,
Corpus Christi Division.

June 5, 1965.

See also D.C., 246 F.Supp. 170.

Glusing & Sharpe, Nelson Sharpe, Kingsville, Tex., for plaintiffs.

Woodrow Seals, U. S. Atty., and William B. Butler, Asst. U. S. Atty., Houston, Tex., for defendant.

GARZA, District Judge.

Alvin H. Schubert and wife, Alvina Schubert, are suing the United States of America under the Federal Tort Claims Act, 28 U.S.C., § 1346(b). The Plaintiffs reside and have their home on a 200-acre tract of land owned by them and situated adjacent to the Kingsville Naval Air Station near the City of Kingsville, Kleberg County, Texas. They are seeking to recover damages from the Government that they claim they have suffered as a result of the noise caused by a jet engine testing facility that is situated on the Naval Air Station. In response to the Plaintiffs' Original Complaint, the Defendant, United States of America, filed a motion to dismiss for failure to state a claim on which relief could be granted, or, in the alternative, for a more definite statement. This Court denied the motion to dismiss and granted the motion for more definite statement.

The Plaintiffs then proceeded to file an Amended Complaint, asserting, generally, two alternative claims. The first claim alleges that in connection with the Naval Air Training Station the Navy operates testing facilities on the westernmost portion of the base and to the east of Plaintiffs' premises and home; that these testing facilities are being used to check the engines on jet aircraft, and that

the testing procedure consists of starting the jet engines while the plane is in a stationary position, and racing the jet engines while the plane remains tied in a stationary position; that such testing procedure creates a tremendous, unreasonable and excessive amount of noise which is aggravated by the presence of a prevailing wind from the east and southeast, and which is further aggravated by the fact that the Defendant persists in carrying out such testing procedures in the evening and into the late hours of the night. They allege that because of said unbearable amount of noise, their home has become uninhabitable, although they are still living in it, and that said noise has interfered with the right to use and enjoy their property, and that their health has been seriously impaired. They further allege that their property could be sold for residential purposes, but that the noise has prevented them from selling their property for such purposes—all to their damage in the sum of $330,000.00.

Their alternative claim is one which Plaintiffs claim is under the Constitution of the United States, for a wrongful taking of their property without compensation, for which they seek the sum of $225,000.00.

A pretrial was held in this cause and the question of jurisdiction was raised by the Government which had again filed, in answer to the Amended Complaint, its motion to dismiss, not only for lack of jurisdiction, but that the Plaintiffs' complaint still did not state a claim on which relief could be granted.

The parties were given an opportunity to file briefs on the Government's motion, and said motion is what is before the Court at this time.

The question of jurisdiction to entertain the alternative plea of wrongful taking of property is easy to dispose of. This Court, under Title 28 U.S.C. § 1346(a)(2), would have jurisdiction over such a claim if the amount claimed was not in excess of $10,000.00; but since the claim under this alternative plea is for $225,000.00, this Court clearly has no jurisdiction, and such jurisdiction lies in the Court of Claims.

The Government's motion to dismiss the second alternative claim will be granted; and

It is hereby ordered, adjudged and decreed that said claim be, and the same is hereby dismissed.

The first claim, based on the Federal Tort Claims Act, is not so easy to dispose of. The Plaintiffs allege that the United States has failed to exercise reasonable care in the following respects:

a) In locating its engine testing facility on the westernmost portion of the Naval Air Station;

b) In failing to locate the engine testing facility on a remote portion of the Naval Air Station, away from residential areas;

c) In conducting its engine testing during the late hours of the night; and

d) In not installing, maintaining and using modern noise arresting equipment in Defendant's possession which would greatly reduce the unreasonable noise.

Title 28 U.S.C. § 2680, is a limitation on the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and specifically bars claims based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The Government certainly has a right to operate a Naval Air Station and test its airplane engines. The present allegations of the first claim in the complaint would all seem to fall within the exception to the Federal Tort Claims Act.

Since the Plaintiffs have not identified in their complaint any act or omission by any Government employee, which they claim to be negligent, and their complaint shows that the acts complained of are done in the exercise of a discretionary function, their complaint fails to state a cause of action.

The Plaintiffs will be given twenty days in which to amend their complaint to allege specific acts or omissions on the part of any Government employee, constituting negligence; and if this is not done, their cause of action will be dismissed for failure to state a claim under which relief can be granted by this Court.

See also D.C., 246 F.Supp. 168.